## Alexander v. Alexander.

*Husband and wife—Divorce—Affidavit to libel—Affidavit must show that it was taken in the proper county—Act of June 1, 1915.*

Under the Act of March 13, 1815, P. L. 150, which, as amended by the Act of June 1, 1915, P. L. 674, requires the libellant to make affidavit to the libel before a judge or justice of the peace, or any person authorized to take acknowledgments, in the county where the injured party resides, the affidavit to the libel must show affirmatively that it was taken in the proper county.

Divorce. C. P. Allegheny Co., April T., 1920, No. 1311.

*James H. Gray,* for libellant.

CARPENTER, J., Jan. 13, 1921.—It is unnecessary to discuss the evidence, as this cause is not properly before the court. The Act of March 13, 1815, P. L. 150, relating to divorces, requires the libellant to make oath before a judge or justice of the peace of the proper county; that is, the county where

the injured party resides, etc. This act was amended by the Act of June 1, 1915, P. L. 674, and the affidavit to the libel may now be made before "any person in the county legally authorized to take acknowledgments."

In Helt *v.* Helt, 7 Dist. R. 746, the affidavit was made before an alderman at New Castle, Pa., and it was held by Judge McClung that: "Assuming that he (the alderman) is *ex officio* a justice of the peace, he is not a justice of the peace of the proper county."

It has been held repeatedly that the affidavit to a libel in divorce cannot be made outside the State.

In the case at bar there is nothing to indicate that the affidavit was taken in this county or in the State. True, it says "Allegheny—ss.," but we cannot infer that "Allegheny" means the County of Allegheny, State of Pennsylvania.

Whether this defect is amendable we do not now decide. The question may be raised by petition for leave to amend. As the record now stands, we cannot decree a divorce.        From Edwin L. Mattern, Pittsburgh, Pa.